## OHIO COURT OF APPEALS
### No. 361.
### CLEVELAND NATIONAL BANK v. BARRY BROS. CO. et al
Ohio Court of Appeals, Cuyahoga County
No. 4129. April 16, 1923
This opinion has not been published except in Abstract

VICKERY, P. J.

Vickery and Sullivan (Levine not Sitting), JJ.)
Appeal; Decree for Appellants
Epitomized Opinion

This is an action by the Cleveland National Bank to subject a life insurance policy for the benefit of creditors. The various insurance companies were made parties defendant, including the children of Barry. The evidence disclosed that one Barry carried on an extensive fire insurance business in the city of Cleveland under the firm name of The Barry Bros. Co. At times Barry was derelict in sending in the premiums collected by him. On June 8, 1914, the insurance companies sent representatives to Cleveland in order, as they contend, to insure a final accounting and to cover any discrepencies which might arise by reason of Barry not paying them the premiums, they induced Barry to take out a policy of life insurance on his life for their benefit to secure them for any indebedness. A month thereafter Barry took out a $20,000 policy with the Michigan Life Insurance Co. payable to the Barry Bros. Co. at his death. The insurance companies claim that the premiums upon this policy were paid by them. Nothing was reduced to writing and the policy provided that the beneficiary might be changed at any time. Four years afterwards Barry became ill, and shortly before his death he changed the beneficiary from the Barry Bros. to his children. The insurance companies contend in the Common Pleas Court that the policy belongs to them by virtue of the above agreement and that by the terms of that agreement a trust was engrafted on this policy in favor of the insurance companies. The case was tried before late Judge Neff and a judgment was rendered in favor of the bank and the insurance companies. Appeal was prosecuted to the Court of Appeals of Cuyahoga county. There the court held:

1. Managers and officers of a corporation, such as officers of an insurance company, are not parties within the meaning of the statute which prevents one party from testifying as to the terms of a contract after the other party is dead; therefore the testimony of the insurance companies' representatives was admissible in evidence.

2. In order to engraft a trust upon a contract, the law requires that the evidence to establish such trust should be clear, certain and conclusive, not only of the existence of the trust, and that too at the time of the contract, but also as to its terms and its conditions.

3. The pleadings conclusively show that the insurance companies did not clearly understand the terms of the contract, inasmuch as they first claimed that the agreement was made for the benefit of all the creditors, later for the benefit of seven insurance companies, and finally for the benefit of only four insurance companies.

4. Inasmuch as insurance policy did not contain a stipulation against change of beneficiary or contain therein the terms of the trust, these omissions tend strongly to disprove the existence of any such trust agreement.

Judgment for Barry's estate.

Attorneys—J. W. Mooney and L. J. Grossman, for Cleveland National Bank; Payer, Winch, Minshall & Karch, for Barry Bros. Co.

### No. 362
### SRUTEK v. NART & COMPANY
Ohio Court of Appeals, Cuyahoga County
No. 4319. April 16, 1923
This opinion has not been published except in Abstract

GUARANTIES—(1) Where a continuing guaranty exists—(2) Construction of guaranties—(3) Continuing guaranty must be revoked before it ceases to operate unless its operation is limited by its terms.

PER CURIAM.

Epitomized Opinion
Error to Cuyahoga Common Pleas
Judgment Affirmed

This was an action brought by Hart & Company on an instrument of guaranty. It guaranteed the payment of all goods purchased by Kvet and did not specify any length of time for its duration. Hart & Co. were wholesale milliners, and as Kvet was about to enter the millinery business this guaranty was given in order for her to obtain credit. Kvet purchased large quantities of goods and was a continuous buyer from the inception of the credit in 1911 down to 1920. The guaranty was never revoked. Kvet paid all of her bills promptly except the last, which was for $2200. A judgment was then obtained against her and suit brought against Srutek, as guarantor. Judge Cull held that the guaranty was a continuing guaranty and permitted recovery. Srutek prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. The guaranty was a continuing guaranty a no evidence was introduced showing an interruption in the relationship between the parties.

2. A contract will be construed as a continuing guaranty if it appears that a future course of dealings for an indefinite time or a succession of credit is contemplated by the parties.

3. Unless the word in which the guaranty is expressed fairly imply that the liability of a guarant is to be limited, it continues until revoked.

Attorneys—Clum & Marty, for Srutek; Price Crum & Shepherd, for Hart & Co.

### No. 363
### WALES v. VANDERHOOF
Ohio Court of Appeals, Trumbull County
Nov. 11, 1921
15 Ohio App. 147

DIRECT VERDICT—Waiver by introduction of evidence by defendant—Effect of renewal of motion at close of evidence—Charge to jury—Excessive speed of automobile—12603 GC.—Presumptive evidence only—Error to charge negligence per se.

TREASH, J. Error to Summit Common Pleas judgment reversed.

Attorneys—Musser, Kimber & Huffman, for Wales; Jonathan Taylor, for Vanderhoof.

### No. 364
### VECCHIO v. STATE
Ohio Court of Appeals, Cuyahoga County
Oct. 27, 1921
15 Ohio App. 153

CRIMINAL LAW—Statement to jury—Conviction one jointly indicted—Error cured by charge, where —Evidence—Confession by one jointly indicted— Charge to jury—Counsel fails to prevent omission—Duress to secure confession.

Vickery, Sullivan and Ingersoll, JJ.

BY THE COURT. Error to the Cuyahoga Common Pleas; judgment affirmed.

Attorneys—Nuncio & Stevens, for Vecchio; no appearance contra.