Benham & Benham, Cincinnati, for plaintiff in error.

Cobb, Howard & Bailey, Cincinnati, for defendant in error.

MONTGOMERY, J, (5th Dist) sitting by designation, in place of CUSHING, J.

Day & Day, Cleveland, for plaintiff in error.

Merritt A. Vickery, Cleveland, and W. K. Gardner, Cleveland, for defendant in error.

For full opinion see 39 OLR 409; 190 NE 776; 47 Oh Ap 72.

## RAY v LANE COTTON MILLS CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4580.   Decided April 2, 1934

## OPINION

By ROSS, J.

It is urged that the agreement did not contain a continuing guaranty of $25,000.00, but was a guaranty of only the first $25,-000.00, and that when this first $25,000.00 was paid, that the guarantors are discharged.

There is no ambiguity in the agreement. It states in effect that if the plaintiff below will extend to the Big Three Overall Mfg. Company a line of credit of $35,000.00, they will guarantee the plaintiff below against loss to the extent of $25,000.00. The plaintiff below has performed its obligation—has extended its credit. It now becomes the duty of the guarantors to perform their obligation and absorb the loss to the extent of $25,000.

If it was intended to limit the agreement as contended for by the guarantors, appropriate language should have been used to produce this effect. The obvious purpose was to secure the creditor against loss to the extent of $25,000. This is plainly stated. If there were anything in the agreement in any way conflicting with this chief purpose, it must give way to the major intent expressed in the agreement.

"In harmonizing apparently conflicting clauses of a contract they must be construed so as to give effect to the intention of the parties as gathered from the whole instrument, and where the object to be accomplished is declared in the instrument the clause which contributes most essentially to that object will control." **Mills-Carleton Co. v Huberty et, 84 Oh St, 81.**

The judgment is affirmed.

HAMILTON, PJ, and MONTGOMERY, J, concur.