G. F. BUSINESS EQUIPMENT, INC., APPELLEE, *v.* LISTON, APPELLEE; CORDRAY ET AL., APPELLANTS.

(No. 82AP-283—Decided August 5, 1982.)

Mr. *William C. Donahue,* for plaintiff-appellee.

Mr. *Dwight A. Teegardin,* for defendant-appellee.

Mr. *Robert E. Giffin* and Mr. *C. William Dawson,* for defendants-appellants.

MARKUS, J. Plaintiff-appellee, G. F. Business Equipment, Inc., obtained judgment against defendants-appellants in the Franklin County Court of Common Pleas on their personal guaranty for the account owed plaintiff by a bankrupt corporate customer. Defendants appeal, claiming their guaranty applied to specific purchases rather than the company's continuing open account.[1] We agree with the trial court's interpretation of the guaranty language, so we affirm.

Plaintiff is a manufacturer and wholesale distributor of certain office furniture and supplies. One of its dealer customers, the Liston Company, was acquired by defendants in 1979. Plaintiff had obtained a personal guaranty of the Liston account from the previous owners and requested a continuing guaranty from these defendants as the new owners. One of the defendants drafted, and both defendants signed, a letter to plaintiff which contained the following paragraph:

"As per your request for a new Personal Guarantee Covering Purchases by THE LISTON COMPANY, you may use this letter as such a guarantee for purchases made by THE LISTON COMPANY from G. F. up to a maximum of $50,000."

Thereafter, plaintiff sold merchandise to the Liston Company on open account until that customer went bankrupt owing plaintiff approximately $139,000. In this

---

[1] The trial court dismissed the action against defendant Russell T. Liston, who had signed an earlier guaranty that was replaced by the agreement of defendants W. Daniel Cordray and Stephen K. Cordray. No party has appealed Liston's dismissal. In this opinion, "defendants" refers to the Cordrays who are the appellants here.

action on the personal guaranty, the trial court's referee recommended findings of fact and conclusions of law after a three-day trial. The trial court overruled defendants' objections to the referee's recommendations and granted judgment against defendants jointly and severally in the sum of $50,000.

Defendants' first assignment of error asserts:

"The court errored [*sic*] concluding that in cases of a guarantee, the language of the guarantee is to be construed most strongly against the drafter of the guarantee."

Defendants correctly argue that no special rule of construction resolves ambiguities against the author of an individual guaranty. *Morgan* v. *Boyer* (1883), 39 Ohio St. 324. Ohio courts have generally resolved ambiguities against the author only when interpreting form documents used in multiple transactions where the parties lacked equal bargaining power to select agreed language. *E.g., Franck* v. *Railway Express Agency, Inc.* (1953), 159 Ohio St. 343 [50 O.O. 318]; *Bellish* v. *C.I.T. Corp.* (1943), 142 Ohio St. 36 [26 O.O. 234]. In *Morgan* v. *Boyer, supra,* at 326, the court said:

"* * * A guarantor, like a surety, is bound only by the precise words of his contract. Other words cannot be added by construction or implication, but the meaning of the words actually used is to be ascertained in the same manner as the meaning of similar words used in other contracts. They are to be understood in their plain and ordinary sense, when read in the light of the surrounding circumstances and of the object intended to be accomplished. The rule that a guarantor is held only by the express words of his promise does not entitle him to demand an unfair and strained interpretation of those words, in order that he may be released from the obligation which he has assumed."

Defendants contend the disputed guaranty in the present case related sole-ly to certain initial large purchases by the corporate dealer, and that it had no application to the dealer's continuing open account. The dealer did make payments on its open account which exceeded those initial purchases, so defendants claim that the guaranteed debt has been fully satisfied. However, there is no language in the guaranty which purports to limit its duration or its application to any specific purchases. By its terms, it assured payment for *"purchases * * * up to a maximum of $50,000."* (Emphasis added.)

The nature of the parties' business strongly supports the trial court's conclusion that this was a continuing guaranty. Defendants acknowledged that the consideration for their guaranty was "assurances of continued delivery of shipments of office furniture and supplies." They also agreed that plaintiff had received a continuing personal guaranty from the dealer's prior owners, one of whom is also a succeeding owner and a present defendant. Plaintiff supplied the dealer over a fifteen-month interval with merchandise worth far more than $50,000, so its insistence on a continuing personal guaranty would hardly be satisfied by a guaranty covering only the first $50,000 of shipments.

We agree with the holding in *Srutek* v. *Hart & Company* (1923), 1 Ohio Law Abs. 374. In *Srutek,* the court ruled that a guaranty assuring payment for all goods purchased was a continuing guaranty for an open account if it failed to limit its duration and the parties to the guaranty contemplated a succession of credits in a future course of dealings for an indefinite time. See, also, *Clawson-Wilson Co.* v. *Rose* (1933), 16 Ohio Law Abs. 341; *Ray* v. *Lane Cotton Mills Co.* (1934), 16 Ohio Law Abs. 711.

Defendants rely upon decisions involving guaranties for a past debt, or a described transaction, or where the guarantor has no clear business relationship with any later dealings between the buyer and the seller. *Birdsall* v. *Heacock*

(1877), 32 Ohio St. 177; *Morgan* v. *Boyer, supra; Merchants National Bank* v. *Cole* (1910), 83 Ohio St. 50. Those cases do not govern this situation where the guarantors were known to be principals of a business that was expected to make periodic purchases from plaintiff over a prolonged interval.

Thus, the trial court correctly construed the disputed guaranty language, even though it approved the referee's partial reliance upon an inappropriate legal principle. Consequently, defendants were not prejudiced by the referee's reference to that principle, so the first claimed error is overruled.

Defendants' second assignment of error alleges:

"The court errored [*sic*] in failing to consider the parol evidence offered for the purpose of showing the surrounding circumstances in order to determine the intention of the parties."

We need not consider whether the guaranty letter was an integrated document containing the parties' entire agreement, so parol evidence would be allowed solely to explain ambiguous terms, since the trial court received all parol evidence proffered by defendants. They do not premise claimed error on the trial court's refusal to receive any such evidence. Rather, they contend that the trial court declined to accept their arguments about the significance of language used in the previous owners' guaranty and about the importance of their subjective intent when they signed the new guaranty.

The previous owners signed a guaranty for Liston Company obligations to the plaintiff which provided:

"* * * [the owners] hereby guarantee payment of all merchandise ordered by and shipped to The Liston Company * * * up to $50,000."

We agree with defendants that the quoted language of the previous guaranty covers the dealer's continuing open account with plaintiff. However, we do not perceive any significant difference between that language and the terms used in the disputed new guaranty. Indeed, the substantial similarity in terms and circumstances demonstrates that the two guaranties had the same purpose and effect.

The uncommunicated subjective intentions of one party have no significance in determining the meaning of disputed terms. *Myers* v. *Sunlight Laundry Co.* (1918), 10 Ohio App. 275; *Woods* v. *Fifth-Third Union Trust Co.* (1936), 54 Ohio App. 303 [7 O.O. 210]; *Herder* v. *Herder* (1972), 32 Ohio App. 2d 75 [61 O.O.2d 62]. While defendants testified that they did not intend to create a continuing guaranty, there is no evidence that their subjective intention was ever communicated to the plaintiff. By contrast, the record shows that plaintiff did communicate its request for a continuing guaranty, so plaintiff had good reason to believe the resulting document provided a continuing guaranty when defendants failed to advise plaintiff that it did not do so.

The trial court ruled that parol evidence could not vary the plain meaning of the guaranty language. We agree. Further, if the guaranty language was viewed as ambiguous, the relevant parol evidence about objective circumstances surrounding the transaction serves to reinforce the trial court's decision. The second assignment of error is overruled.

Defendants' third and final assignment of error asserts:

"The verdict of the court is against the manifest weight of the evidence."

Interpretation of disputed contract language is basically a matter of law rather than an issue of fact. We have already agreed with the trial court's construction of that agreement as a matter of law. To the extent that the trial court's ruling rests upon an evaluation of the circumstances surrounding the transaction, we cannot say that evaluation was contrary to the manifest weight of the evidence.

Ordinarily, the trial court is the

primary factfinder. *Bilovocki* v. *Marimberga* (1979), 62 Ohio App. 2d 169. When the trial court resolves conflicting credible evidence to make factual determinations, appellate courts generally decline to modify those determinations. *State, ex rel. Squire,* v. *Cleveland* (1948), 150 Ohio St. 303 [33 O.O. 161]; *Beechler* v. *Winkel* (1978), 59 Ohio App. 2d 65 [13 O.O.3d 131]. The trial court weighed the evidence presented before it and made its determination based upon evidence which supported the conclusion that this guaranty was continuous. This court should not modify that conclusion.

Defendants' third assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and McCORMAC, JJ., concur.

MARKUS, J., of the Eighth Appellate District, sitting by assignment in the Tenth Appellate District.