WASSERSTROM COMPANY, Appellant,

v.

ICENOGLE, Appellee.

[Cite as *Wasserstrom Co. v. Icenogle* (1990), 70 Ohio App.3d 324.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–199.

Decided Nov. 15, 1990.

*Burman & Robinson* and *Randal D. Robinson,* for appellant.

*Thompson, Hine & Flory, Edward F. Whipps* and *Margaret R. Carmany,* for appellee.

BOWMAN, Judge.

Beginning in 1985, appellant, the Wasserstrom Company, began supplying equipment to Interstate Food Service, Inc., a Kansas corporation which managed fourteen Wendy's restaurants located in several states. Appellee, Wayne Icenogle, is the sole shareholder of Interstate. In January 1986, appellee submitted a credit application to Wasserstrom on behalf of Interstate which contained appellee's personal guarantee.

From September 1987 to March 1988, appellant shipped equipment for Superbar installations to three specific locations where Interstate had Wendy's franchises. On April 15, 1987, Interstate filed for relief under Chapter 11 of the United States Bankruptcy Code. On August 23, 1988, appellant filed a complaint against appellee alleging that appellee was personally liable, based on his 1986 personal guarantee, for the cost of the Superbar installations.

A trial was held before a referee who rendered a report, including findings of fact and conclusions of law, and recommended that judgment be in favor of appellee. Appellant objected to the referee's report and appellee filed a memorandum contra the objections. On January 8, 1988, the trial court overruled appellant's objections and entered judgment in favor of appellee. Appellant now brings this appeal and asserts the following assignments of error:

"1. The court erred in concluding that the evidence does not establish that Defendant's Personal Guaranty was intended to cover future shipments to Defendant.

"2. The court erred in concluding that Defendant has no personal liability to Plaintiff with respect to Seventy Three Thousand, Two Hundred, Fifty–Four and 87/100 ($73,254.87) Dollars owed on account."

Appellant's assignments of error are related and will be considered together. In these assignments of error, appellant asserts that the trial court erred in concluding that the evidence did not establish that the 1986 personal guarantee executed by appellee was intended to cover all of appellant's future shipments to Interstate. Appellant asserts that when appellee signed the credit application and gave his personal guarantee on January 29, 1986, appellee was giving appellant a continuing blanket personal guarantee of Interstate's account because the agreement, on its face, does not indicate what merchandise was to be covered by the personal guarantee.

The Personal Guarantee which appellee signed states:

"CHARGE ACCOUNT AGREEMENT

"Personal Guarantee

"It is understood that from time to time, the Wasserstrom Co., Columbus, Ohio, will deliver merchandise to:

"_____
                                                "
_____

_____

"I, We, understand that the payment terms of The Wasserstrom Co., are net 10th prox. (All invoices rendered during a given month are due and payable by the 10th day of the following month).

"The Undersigned, in consideration of the rendition of credit, hereby guarantees payment of the account in accordance with the terms stated.

"Date ___1/29/86___ Individual ___Wayne Icenogle___"

---

In *Merchants National Bank v. Cole* (1910), 83 Ohio St. 50, 93 N.E. 465, the court held that an unlimited guarantee, in the absence of words showing that it was intended to be continuing, is equivocal, and the surrounding circumstances may be proven to enable the court to put itself in the place of the parties to better understand the terms employed in the writing, and to arrive at the mutual intention of the parties.

The evidence in this case showed that appellee signed the guarantee to cover a specific transaction between the parties which occurred in 1986, and that total payment had already been made for that transaction. Appellee stated that he did not intend for the 1986 guarantee to be continuous and that when he got the contracts and the Uniform Commercial Code security agreements for the Superbar equipment, he refused to sign the security agreements because he could not personally guarantee them. Appellant's notations on these contracts indicate that it was aware that no check was received on Superbar contracts and that no UCC or security agreement was received with regard to the contracts. Further, appellant's assistant credit manager testified that it was appellant's understanding that Wendy's International, and not appellee, would be guaranteeing the payment for Interstate's Superbar installations. In fact, appellant's assistant credit manager had received assurance from Wendy's International that it was approving Interstate for the Wendy's International financing.

This court finds that the trial court did not err in concluding that appellee's personal guarantee was not intended to cover the shipments of the Superbar equipment and that appellee was not personally liable to appellant for the

$73,254.87 owed on the Interstate account. The trial court correctly weighed the evidence presented and made its determination based upon evidence which supported the conclusion that appellee's personal guarantee did not apply to this transaction, and this court cannot say that the trial court's ruling is contrary to the manifest weight of the evidence. See *G.F. Business Equip., Inc. v. Liston* (1982), 7 Ohio App.3d 223, 7 OBR 285, 454 N.E.2d 1358.

Accordingly, appellant's two assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and GERKEN, JJ., concur.

THOMAS H. GERKEN, J., of the Hocking County Court of Common Pleas, sitting by assignment.