OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, Patricia L. Myers, appeals a decision of the Trumbull County Court of Common Pleas, Domestic Relations Division, denying her post-decree motion to enforce the separation agreement she entered into with James R. Myers, deceased. The following facts are relevant to a determination of this appeal.
Appellant and James Myers were married in April 1965. On August 26, 1993, the trial court entered judgment granting the couple a dissolution of their marriage. The decree of dissolution incorporated, by reference, a separation agreement entered into by the couple. The separation agreement was executed by the Myers on June 30, 1993, and was drafted by appellant's attorney, while James was unrepresented by counsel. The separation agreement provided, in relevant part:
 "1. HUSBAND AND WIFE: The parties hereto shall live apart and shall be free from interference directly or indirectly as fully as though unmarried. Each may for his or her separate benefits engage in any employment, business or profession that he or she may choose.
"* * *
 "6. DISCLOSURE OF ASSETS: The parties agree that each has made a full and complete disclosure of all of his or her property and neither has knowledge of any property of any kind in which the party so agreeing has any beneficial interest. If it is later discovered that either party has possession or control of, or has disposed of by gift of conveyance, an undisclosed beneficial interest in any property owned by the parties in tenancy in common, such party on demand, shall transfer and assign to the other party one-half (1/2) interest therein or shall pay to the other party, a sum equal to one-half (1/2) the fair market value of such beneficial interest.
"* * *
 "9. STOCKS, BONDS, PENSIONS, INTANGIBLE ASSETS: The parties agree that they do not have any stocks, bonds, bank accounts and intangible assets between themselves.
"* * *
 "18. MUTUAL RELEASE: The parties agree that, except as herein provided, each party shall own, have and enjoy independently of any claim or right of the other party, all property of every nature, kind and description, and wheresoever situated, which is now owned or held by him or her, or which may hereafter belong or come to him or her, with full power to him or her to dispose of the same as fully and effectually, in all respects and for all purposes, as if he or she were unmarried."
At the time of the separation agreement, James was employed by LTV Steel f.k.a. Republic Steel Company ("LTV Steel"). LTV Steel was brought in as a third-party defendant in the trial court and is an appellee in the instant cause.
On April 22, 1997, James died, and allegedly sometime thereafter, appellant learned of his pension benefits. On May 8, 1998, appellant filed a motion in the trial court seeking enforcement of the separation agreement. Specifically, she claimed that James had violated Paragraph 6 of the separation agreement by failing to disclose all assets and, therefore, she was entitled to one-half interest in his pension rights.
On May 28, 1999, the trial court denied appellant's motion to enforce the separation agreement. The court held that Paragraph 9 was inapplicable despite the word "Pension" in the heading because the paragraph itself is silent as to pensions. Additionally, Paragraph 1 allows each party to retain any benefits arising from their respective employment. Thus, the trial court concluded that appellant was not entitled to any portion of James' pension.
The trial court also noted that prior to the 1991 amendments to the applicable portion of the Ohio Revised Code and the adoption of the federal ERISA statute, a pension was not an asset subject to division. Prior to 1991, pension benefits would commonly be addressed through an alimony order. The pension would be valued by the court, and counted like any other asset in dividing marital assets and in determining alimony. After 1991, a pension could be an asset subject to division in accordance with ERISA. However, ERISA cannot be used after the pensioner dies. Thus, the trial court held that even if this action was examined under ERISA, the beneficiary of James' estate has an unassignable interest in the pension, which cannot by reached by appellant through legal action.
Appellant timely filed a notice of appeal and has now asserted a single assignment of error. Appellant contends that the trial court erred in finding that the separation agreement was ambiguous. Appellant maintains that the separation agreement wasnot ambiguous and, therefore, there was no need to construe the terms of the agreement. Moreover, appellant claims that even if the agreement was ambiguous, she and James had equal bargaining power and, therefore, it was not necessary to construe the language of the agreement against the drafting party which, in this case, was appellant.
Appellant is correct in her assertion that courts will not construe language that is clear and unambiguous on its face.Logsdon v. Fifth Third Bank of Toledo (1994), 100 Ohio App.3d 333,339. When the contract terms are clear, courts should not, in effect, create a new contract by finding an intent not expressed in the clear language by the parties. Shifrin v. ForestCity Ent., Inc. (1992), 64 Ohio St.3d 635, 638. Additionally, the general rule is that contract ambiguities will only be resolved against the drafter where the parties lacked equal bargaining power to select contract language. G.F. Business Equip., Inc. v.Liston (1982), 7 Ohio App.3d 223, 224.
In reviewing the terms of the separation agreement in this case, it is clear that there exists some ambiguity. Specifically, Paragraph 9 states in its heading that it addresses "STOCKS, BONDS, PENSIONS, INTANGIBLE ASSETS," however, the body of that paragraph states that "[t]he parties agree that they do not have any stocks, bonds, bank accounts and intangible assets between themselves." Thus, the body of that paragraph substitutes bank accounts for pensions. If the body of Paragraph 9 included the word "pensions", this would be a simple case with no construction necessary by the trial court. However, it does not, and this inconsistency between the heading and the body of the paragraph creates ambiguity necessitating construction. Further, it was appellant's attorney who drafted the separation agreement.
In summary, the language in the body of Paragraph 9 does not include the word "pension." The trial court apparently determined that, due to the silence in Paragraph 9 as to anyone owning a pension, the reference to pension in the heading was an oversight. Construed in this manner, Paragraph 9 is consistent with Paragraph 1 which allows each party to the agreement to benefit from their separate employment. We cannot conclude that the trial court's decision was arbitrary, unreasonable or unconscionable. Thus, the trial court did not abuse its discretion.
Based upon the foregoing analysis, we must conclude that the trial court properly determined that appellant was not entitled to any portion of James' pension. The trial court did not err in finding that the Myers' separation agreement was ambiguous. Hence, appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 __________________________ O'NEILL, J.
FORD, P.J., CHRISTLEY, J., concur.