JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Leslie Wagenheim, appeals from the orders of the common pleas court, which denied his motion for summary judgment and granted the motion for summary judgment of appellee, Parkway Business Plaza Limited Partnership ("Parkway"), in a civil suit regarding a commercial lease. Upon review of the record and for the reasons set forth below, we affirm.
 {¶ 2} This appeal arises from the breach of a commercial lease agreement ("lease"), which was entered into on June 24, 1993 by Parkway as the landlord and Xonex International, Inc. ("Xonex") as the tenant, for property located at 4400 Emery Industrial Parkway in Warrensville Heights. On the same date, a separate guaranty agreement was also executed, wherein Wagenheim agreed to personally guaranty the lease.
 {¶ 3} Several amendments to the lease were made, the seventh and final amendment on January 21, 2000. Thereafter, Natural Science Industries, Ltd. ("NSI") purchased assets of Xonex and acquired certain rights and duties, including those under the lease. In late June 2000, an assignment and assumption of lease ("assignment agreement") was executed, to take effect on July 1, 2000. Pursuant to the assignment agreement, Xonex, as assignor, assigned its rights and duties under the lease to NSI, as assignee. Xonex also identified itself as a guarantor under the lease, facilitating the relationship between NSI and Parkway. Parkway remained the named landlord.
 {¶ 4} Thereafter, NSI vacated the premises. On November 27, 2002, NSI negotiated a use agreement with Custom Zone, Inc. ("Custom Zone"). Pursuant to this agreement, Custom Zone was permitted to use the premises in exchange for a usage fee to be paid to NSI. This use agreement did not assign NSI's rights or duties to Custom Zone, nor did it amend or modify any prior existing instruments surrounding the lease. As a result, Parkway was not privy in any way to that agreement. However, after January 1, 2003, rents and other charges due and owing to Parkway under the lease were not paid, prompting Parkway to take action to recover moneys owed.
 {¶ 5} On October 1, 2004, Parkway filed a complaint against Custom Zone and Wagenheim as guarantor of the lease. On January 12, 2005, Parkway voluntarily dismissed Custom Zone because there was no privity between the two parties. On April 8, 2005, Parkway filed a motion for leave to amend its complaint, which was granted. With its amended complaint, Parkway added Xonex (as original tenant and subsequent guarantor) and NSI (as assignee of the lease) as named defendants.
 {¶ 6} On May 2, 2005, Wagenheim filed his answer to Parkway's amended complaint and filed a cross-claim seeking indemnification from NSI. Wagenheim then filed motions for summary judgment praying for the dismissal of Parkway's suit against him and a holding of indemnification from NSI. Parkway also filed a motion for summary judgment pursuant to its second amended complaint against Wagenheim, Xonex, and NSI. On November 9, 2005, the trial court denied Wagenheim's motion for summary judgment in part as to his prayer for the dismissal of Parkway's claim. Parkway's motion for summary judgment was granted, finding Xonex, NSI, and Wagenheim jointly and severally liable for the unpaid rent in the amount of $761,064.96. The trial court did, however, grant Wagenheim's motion for summary judgment in part, holding that Wagenheim did have the right to indemnification from NSI in the amount of $774,531.39. Wagenheim appeals, asserting five assignments of error.[1]
 {¶ 7} Appellant's assignments of error all concern summary judgment rulings. Appellant first challenges the trial court's denial of his motion for summary judgment against Parkway. In addition, he challenges the trial court's decision to grant summary judgment in favor of Parkway, which found him jointly and severally liable for unpaid moneys as a guarantor, and he asserts several reasons why there are at least arguments to survive summary judgment. We find appellant's arguments to be without merit.
 {¶ 8} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 9} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 10} In Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107, 662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied inWing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of therecord which demonstrate the absence of a genuine issue of factor material element of the nonmoving party's claim." (Emphasis in original.) Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 11} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24;Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735,741, 607 N.E.2d 1140.
 {¶ 12} In his first two assignments of error, appellant's arguments specifically center on the concept of novation. In his first assignment of error, he contends that a novation occurred, which released him from any personal obligations, thus, summary judgment should have been entered in his favor. He continues to argue in his second assignment of error that there are genuine issues of fact as to whether there was a novation that should defeat summary judgment in favor of Parkway. We find no merit in appellant's first two assignments of error and agree with the trial court, which held:
 {¶ 13} "* * * There are no questions of material fact remaining. The Lease, Wagenheim Guaranty and Assignment and Assumption all clearly and unambiguously hold the defendants jointly and severally liable for the rent and other charges due and owing to Parkway under the Lease. Based upon the undisputed facts, [Parkway's] motion for summary judgment is granted. Judgment in favor of [Parkway] and against [Xonex, NSI, and Wagenheim], jointly and severally in the amount of $761,064.96. * * *"
 {¶ 14} In Stone v. Natl. City Bank (1995),106 Ohio App.3d 212, this court held:
 {¶ 15} "Courts construe guaranty agreements in the same manner as they interpret contracts. G.F. Business Equip. v.Liston (1982), 7 Ohio App.3d 223, 224, 454 N.E.2d 1358. The interpretation of a written contract is a matter of law for the court. Alexander v. Buckeye Pipeline Co. (1978)53 Ohio St.2d 241, 374 N.E.2d 146. The purpose of contract construction is to effectuate the intent of the parties. Skivolocki v. East OhioGas (1974), 38 Ohio St.2d 244, 313 N.E.2d 374, paragraph one of the syllabus. The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement.Blosser v. Enderlin (1925), 113 Ohio St. 121, 148 N.E. 393, paragraph one of the syllabus. The court need not go beyond the plain language of the agreement to determine the parties' rights and obligations if a contract is clear and unambiguous. Id. at paragraph two of the syllabus; Uebelacker v. Cincom Systems,Inc. (1988), 48 Ohio App.3d 268, 271, 54 N.E.2d 1210." Id. at 217.
 {¶ 16} After reviewing the record, we find that the pertinent documents (the lease, the guaranty agreement, and the assignment agreement) are clear and unambiguous. In reading the terms of these agreements, it is apparent that appellant continued to be liable as a personal guarantor of the lease. The guaranty agreement executed on June 24, 1993 states in pertinent part:
 {¶ 17} "This Guaranty is made * * * by LES WAGENHEIM ("Guarantor") to PARKWAY * * *, an Ohio limited partnership ("Landlord").
 {¶ 18} "Guarantor has requested Landlord to enter into a certain Lease Agreement dated June 24th, 1993, (hereinafter, together with any modifications, amendments, extensions, riders, and renewals, referred to as the `Lease') with Xonex * * *, an Ohio corporation, as the Tenant * * *
 {¶ 19} "* * *
 {¶ 20} "2. Guaranty of Lease. Guarantor unconditionallyand absolutely, jointly and severally, guarantees to Landlord the prompt payment, when due, of the rents and any and all other charges payable under the Lease and the full and faithful performance and observance of any and all Covenants contained in the Lease on the part of Tenant to be performed and observed. Guarantor unconditionally and absolutely covenants to Landlord that, if Tenant shall default at any time in the Covenants to pay rent or any other charge stipulated in the Lease or in the performance of any of the other Covenants contained in the Lease on Tenant's part to be performed, Guarantor will well and truly perform such Covenants, and pay the rent or other charges or arrears thereof that may remain due thereon to Landlord, and also all damages stipulated in the Lease. Guarantor shall pay to Landlord, on demand, all expenses (including reasonable expenses for attorney's fees and reasonable charges of every kind) incidental to, or relating to the enforcement of this Guaranty Agreement. If the Tenant holds over beyond the term of the Lease other than pursuant to the terms of the validly exercised renewal option, or if the Lease is modified in any way, the obligations hereunder of Guarantor shall extend and apply with respect to the full performance and observance of all covenants, terms, and conditions of the Lease, as existing or modified and of any such amendment thereof." (Emphasis added.)
 {¶ 21} Clearly, appellant guaranteed the lease; however, he argues that a novation occurred that eliminated his guaranty obligations. After reviewing the guaranty agreement in conjunction with the assignment agreement, we disagree.
 {¶ 22} A novation is "created where a previous valid obligation is extinguished by a new valid contract, accomplished by the substitution of parties or of the undertaking, with the consent of all the parties, and based on valid consideration * * *." Snell v. Salem (1996), 111 Ohio App.3d 23, 32. Thus "a novation is a mutual agreement among all parties concerned for the discharge of a valid existing obligation by the substitution of a new valid obligation on the part of the debtor or another * * *." Braun v. Danter (1975), Franklin App. No. 74AP-606. "A novation differs from the mere assignment of a chose in action, since a novation requires the assent of both parties to the original contract and is, in effect, a new contract between one of the original parties to the contract who remains a party and the new party who is taken in by way of substitution." Id. "Mere modification of an original contract will not suffice in establishing novation. Anything that still remains in effect of the original obligation prevents novation unless the contrary isparticularly expressed or shown by the evidence." Id. (Emphasis added.) "Novation is never presumed but must be proved, and all the essentials of a novation must be established by legal and sufficient evidence. The burden of proving a novation rests upon him who sets it up as a claim." Id.
 {¶ 23} Appellant failed to prove a novation, and the documents at issue do not support a novation. The guaranty agreement contains the following language:
 {¶ 24} "3. No Discharge of Guaranty. The liability of any Guarantor hereunder shall not be impaired, released, terminated or discharged, in whole or in part, by any of the following, notwithstanding that the same are made with or without notice to the Guarantor:
 {¶ 25} "(a) any amendment or modification of the provisions of the Lease; or
 {¶ 26} "* * *
 {¶ 27} "(c) any other Guaranty now or hereafter executed byany Guarantor or any other person; or
 {¶ 28} "* * *
 {¶ 29} "(h) any transfer by Tenant or any assignment ofTenant's interest under the Lease, whether or not with Landlord's consent; * * *" (Emphasis added.)
 {¶ 30} The assignment agreement merely sets forth the assignment of the lease obligations from Xonex to NSI and names Xonex as a guarantor. It does not provide any explicit language discharging appellant as a guarantor or forming a new contract. Given this clear and unambiguous language, we find no genuine issues of material fact remaining as to appellant's assertions of a novation, and his first two assignments of error are therefore overruled.
 {¶ 31} In his remaining three assignments of error, appellant additionally argues that summary judgment should not have been granted in Parkway's favor because of several affirmative defenses, including waiver of rights, equitable estoppel, mitigation, and set-off. A reading of the clear language of the guaranty agreement establishes that all of these arguments are without merit. The pertinent language states:
 {¶ 32} "4. Demand Not Required. To charge any Guarantor under this Guaranty, no demand shall be required nor shall there be required any notice of any default in any of the covenants of the Lease on the part of the Tenant to be performed or of the same as affected by any agreement or stipulation extending the time of performance or modifying the covenants of the Lease. Guarantor hereby expressly waives any such demand or notice.Landlord shall have the unlimited right to enforce this Guarantywithout pursuing any rights or remedies of Landlord againstTenant or any other party of any security Landlord may hold, it being intended that immediately upon any breach or default by Tenant in the performance or observance of any covenant of the Lease, Landlord may enforce its rights directly against any Guarantor under this Guaranty. * * *
 {¶ 33} "5. Waivers. The Guarantor hereby expressly waives and releases (i) notice of the acceptance of this Guaranty and notice of any change in Tenant's financial condition; (ii) theright to interpose all substantive and procedural defenses of thelaw of guaranty, indemnification, and suretyship, except the defenses of prior payment or prior performance by Tenant * * *; (iv) the right to interpose any defense (except as allowed under(ii) above), set-off, or counterclaim of any nature ordescription in any action or proceeding; * * *" (Emphasis added.)
 {¶ 34} These types of waivers of defenses have been found to be valid and enforceable. Rice v. Montgomery, Franklin App. No. 02AP-1261, 2003-Ohio-5577. In reading the plain language above, all of the affirmative defenses appellant raises have been waived. We find that the trial court did not err in ruling in favor of Parkway, and this appeal is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Corrigan, J., Concur.
 APPENDIX A APPELLANT'S ASSIGNMENTS OF ERROR:
I. The trial court erred by denying Wagenheim's Motion for Summary Judgment because the Assignment and Assumption Agreement constituted a novation substituting Wagenheim with Xonex as Guarantor, thereby relieving Wagenheim of any obligations under the 1993 Guaranty of Lease.
II. The trial court erred by granting Parkway Summary Judgment because, at a minimum, genuine issues of material fact exist as to whether the assumption agreement was a novation replacing Wagenheim as Guarantor with Xonex.
III. The trial court erred by granting Parkway Summary Judgment because evidence exists that Parkway waived any rights it may have had against Wagenheim after execution of the Assumption Agreement and after NSI's breach of Assumption Agreement.
IV. The trial court erred by granting Parkway Summary Judgment because Parkway's representations after execution of the Assumption Agreement establish that Parkway is equitably estopped from asserting its claimed rights against Wagenheim.
V. The trial court erred by granting a monetary judgment against Wagenheim without considering evidence of Parkway's failure to mitigate its damages, the effect of Custom Zone's occupancy of the premises, and Wagenheim's set-off claims against Parkway.
[1] Appellant's assignments of error are included in Appendix A attached hereto.