[Cite as *Legacy Village Investors, L.L.C. v. Bromberg*, 2021-Ohio-2930.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

LEGACY VILLAGE INVESTORS, L.L.C.,  :

    Plaintiff-Appellee,  :

                            Nos. 109991 and 110197

    v.  :

SETH BROMBERG, ET AL.,  :

    Defendants-Appellants.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 26, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-918730

---

### *Appearances:*

Dubyak Nelson, L.L.C., Robert J. Dubyak, and Christina C. Spallina, *for appellant* Seth Bromberg.

Paul W. Flowers Co., L.P.A., Paul W. Flowers, and Louis E. Grube, *for appellant* Bennet Ackerman.

Singerman, Mills, Desberg & Kauntz Co., L.P.A., and Michael R. Stavnicky, *for appellee.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellants, Seth Bromberg and Bennet Ackerman, appeal a judgment in favor of appellee, Legacy Village Investors, L.L.C. ("Legacy Village"), to recover rent due from appellants as guarantors of a commercial lease. As the terms of the personal guaranty allow the lease to be modified without notice or consent by the guarantors and Legacy Village did not waive the terms of the guaranty, we affirm the trial court's grant of summary judgment in favor of Legacy Village.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In 2003, appellants signed a personal guaranty of payments due under a lease between their restaurant, Finally Fondue II, Inc. d.b.a. The Melting Pot ("the Restaurant"), as tenant and Legacy Village as landlord. The Lease Guaranty ("Guaranty") provided that if the Restaurant was in default of the lease, appellants would pay all rent, damages, and expenses due to Legacy Village from the default. The Guaranty specifically provided that it shall continue even if the lease is amended or modified. The Guaranty provided in part:

> 2. This Guaranty is absolute and unconditional and shall continue in full force and effect without in any way being affected by (i) the bankruptcy or insolvency of Tenant, its successors or assigns, (ii) the lack of notice to Guarantor of any default by Tenant under the Lease, (iii) any modifications or amendments to the Lease or (iv) the disaffirmance or abandonment by any trustee or receiver of Tenant, its successors or assigns.
>
> * * *
>
> 4. Guarantor does hereby expressly waive notice of non-payment, non-performance or non-observance and proof, notice and demand of or for the foregoing. Guarantor agrees that the validity of this

instrument and all obligations of Guarantor hereunder shall continue as to any modification of the Lease and during any period that Tenant shall occupy the Premises.

5. Guarantor shall be liable under this Guaranty notwithstanding the assignment or transfer of the Lease or the subletting of the Premises, by operation of law or otherwise.

6. This Guaranty may not be amended, modified, discharged or terminated in any manner unless in writing signed by Landlord and Guarantor

7. Anything contained herein or in the Lease to the contrary notwithstanding, the personal liability of Guarantor hereunder shall be primary and not secondary. In any right, claim or action which shall accrue to Landlord hereunder or under the Lease, Landlord may, at its option, proceed against the Guarantor in any fashion it elects regardless of the action, if any, which Landlord has taken against Tenant. The title of this instrument and use of the words "Guaranty," "Guarantor," and "guarantees" shall in no manner limit the primary liability of Guarantor hereunder.

**{¶ 3}** In 2009, Ackerman sold his interest in the Restaurant to Bromberg pursuant to a Stock Purchase Agreement. In February 2014, the lease between Legacy Village and the Restaurant was amended to allow the Restaurant to pay rent that was in arrears by April 21, 2014. In 2018, the Restaurant again was in arrears, and in 2019, it was taken over by another party.

**{¶ 4}** On July 24, 2019, Legacy Village filed a complaint for breach of the Guaranty. Specifically, Legacy Village asserted that the lease was in default, it suffered damages, and appellants guaranteed payment under the lease and refused to pay the damages. In January 2020, Legacy Village filed motions for summary judgment against Bromberg and Ackerman. Legacy Village asserted that the Restaurant defaulted on the lease, the lease was taken over by a franchisor in 2019,

and that $242,667.85 in rent was owed, as well as interest, costs, and attorney fees. It further asserted that the Guaranty executed by appellants was absolute and unconditional.

{¶ 5} In March 2020, Bromberg filed a brief in opposition to the motion for summary judgment, which Ackerman later joined.[1] In their opposition to the motion, appellants argued that Legacy Village waived its rights under the Guaranty by modifying the lease. They further argued that because the lease was modified, the Guaranty was no longer in effect.

{¶ 6} On August 31, 2020, the trial court granted judgment in favor of Legacy Village and against appellants in the amount of $242,667.85, plus statutory interest from the date of judgment. Appellants each filed a notice of appeal of the judgment, and thereafter, this court granted their motion to consolidate the appeals.

II. LAW AND ARGUMENT

A. Appellants' Assignment of Error

{¶ 7} Appellants filed a joint brief and asserted a sole assignment of error which reads:

> The trial court erred, as a matter of law, by granting summary judgment in favor of plaintiff-appellee and against defendant[s]-appellants [Journal Entry dated Aug. 31, 2020].

---

[1]Ackerman initially filed a cross-claim against Bromberg and a third-party complaint against the Restaurant seeking indemnification pursuant to the terms of the Stock Purchase Agreement. The cross-claim and third-party complaint were voluntarily dismissed the same day Ackerman joined Bromberg's opposition to the motion for summary judgment.

Appellants argue the trial court erred because 1) the Guaranty was no longer valid after the lease was amended in 2014, 2) Legacy Village waived its right to enforce the Guaranty by amending the lease, and 3) Legacy Village failed to attach the lease and thus did not show there were no genuine issues of material fact to be resolved. Ackerman separately argued that he cannot be held liable under the Guaranty after it was amended without his agreement.

{¶ 8} Legacy Village argues the trial court properly granted summary judgment because 1) the Guaranty remained in effect after the lease was amended, 2) its actions did not foreclose collection on the Guaranty, and 3) it demonstrated that no genuine issues of material fact remained in the case. It further argues that Ackerman remained a guarantor under the terms of the Guaranty after the lease was amended.

B. Standard of Review for Summary Judgment

{¶ 9} Under Civ.R. 56, the grant of a motion for summary judgment is appropriate where

> (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his or her favor.

*Carter v. Officer Hymes*, 8th Dist. Cuyahoga No. 108523, 2020-Ohio-3967, ¶ 20-23, citing *Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C).

{¶ 10} Summary judgment is granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). We review a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Further, we adhere to the standards set forth in Civ.R. 56(C) and evaluate the record "in a light most favorable to the nonmoving party." *Saunders v. McFaul*, 71 Ohio App.3d 46, 593 N.E.2d 24 (8th Dist.1990).

C.    Summary Judgment Was Properly Granted on the Record and the Guaranty Remained in Effect After Amendment of the Lease

{¶ 11} In its complaint, Legacy Village alleged appellants breached a personal guaranty. A guaranty is a contract, and "[c]ourts construe guaranty agreements in the same manner as they interpret contracts." *Parkway Business Plaza Ltd. Partnership v. Custom Zone, Inc.,* 8th Dist. Cuyahoga No. 87434, 2006-Ohio-5255, ¶ 15, citing *G.F. Business Equip. v. Liston*, 7 Ohio App.3d 223, 454 N.E.2d 1358 (10th Dist.1982). The interpretation of a contract is an issue of law to be resolved by the court. *Id.*, citing *Alexander v. Buckeye Pipeline Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978). In construing the terms of a contract, the court need not go beyond the terms of the contract where those terms are "clear and unambiguous." *Id.*, citing *Blosser v. Enderlin*, 113 Ohio St. 121, 148 N.E. 393 (1925), paragraph two of the syllabus.

{¶ 12} In support of its motion for summary judgment, Legacy Village provided an affidavit from its general counsel that the lease subject to the Guaranty was breached and $242,667.85 was owed because of that breach. In responding to the motion for summary judgment, appellants only challenged the continued validity and enforceability of the Guaranty specifically arguing that because there was an amendment to the lease, the amendment "conflicted with, overrode, and nullified" the Guaranty. Appellants further argued that by amending the lease, Legacy Village waived its right to enforce the Guaranty against appellants.

{¶ 13} Legacy Village asserts that provisions in the Guaranty defeat appellants' arguments that the amendment affected the validity of the Guaranty. It notes the 2014 lease amendment allowed the Restaurant an extension of time to repay past due rent. The Guaranty provides that it "shall continue in full force and effect without in any way being affected by * * * (iii) any modifications or amendments to the Lease" and that "Guarantor agrees that the validity of this instrument and all obligations of Guarantor hereunder shall continue as to any modification of the Lease and during any period that Tenant shall occupy the Premises."

{¶ 14} The terms of the Guaranty clearly and unambiguously provide for the Guaranty to remain in effect in the event of an amendment or modification. In *Parkway Business Plaza*, a guarantor made a claim of novation of a guaranty of a lease where the lease was amended seven times and was thereafter assigned. *Parkway Business Plaza Ltd. Partnership v. Custom Zone, Inc.*, 8th Dist. Cuyahoga

No. 87434, 2006-Ohio-5255. We found that the guaranty was not affected where it provided that guarantor would remain liable "notwithstanding * * * any amendment or modification of the provisions of the [l]ease." *Id.* at ¶ 3. Accordingly, appellants' arguments that the amendment nullified the Guaranty are not well taken.

{¶ 15} Additionally, Ackerman separately argues that he cannot be held liable because the lease amendment was done without his agreement and he had sold his interest in the restaurant to Bromberg. However, the terms of the Guaranty preclude this argument because it provides for the Guaranty to be in effect even where an amendment of the lease is made and where the Guaranty provides that he "expressly waive[d] notice of non-payment, non-performance or non-observance and proof, notice and demand of or for the foregoing" and that he "agree[d] that the validity of this instrument and all obligations of Guarantor hereunder shall continue as to any modification of the Lease and during any period that Tenant shall occupy the Premises." As such, because the Guaranty allows for the amendment of the lease and without notice of the tenant's default, Ackerman's argument is not well taken.

{¶ 16} Appellants characterize Legacy Village's agreement in 2014 to modify the lease as a "waiver" because Legacy Village failed to seek payment from them for the rent owed. They argue that the amendment therefore was an act inconsistent with the Guaranty and amounts to a waiver. In support of this argument, appellants cite to *Natl. City Bank v. Rini*, 162 Ohio App.3d 662, 2005-Ohio-4041, 834 N.E.2d 836, ¶ 35 (11th Dist.), in which a bank brought suit for breach of a guaranty. The guarantor alleged the bank waived its right to collect because the bank told the

guarantor he was not personally liable on the debt and that the debt was secured by business assets only. *Id.* The court found that the evidence presented by the guarantor were "operative facts which establish waiver by estoppel as a meritorious defense" and reversed a court's denial of the guarantor's motion for relief from judgment. *Id.* at ¶ 27.

{¶ 17} Appellants have not identified any evidence that Legacy Village informed them that they were no longer personal guarantors of the lease. Rather, the claimed waiver is that Legacy Village amended the lease and did not attempt to collect previous rent from them as guarantors. This claim is defeated by the terms of the Guaranty that specifically provides that "[i]n any right, claim or action which shall accrue to Landlord hereunder or under the Lease, Landlord may, at its option, proceed against the Guarantor in any fashion it elects regardless of the action, if any, which Landlord has taken against Tenant." Pursuant to this provision, Legacy Village had the option of seeking damages incurred by a breach of the lease from the tenant, from the guarantors, or from both. The Guaranty also provides that "[t]he obligations of Guarantor hereunder shall in no way be affected or impaired by Landlord's assertion of any rights against Tenant." Because the terms of the Guaranty contemplate amendments and provide for action solely against the tenant without affecting the Guaranty, any argument that a modification of the lease amounted to a waiver is without merit.

{¶ 18} Appellants finally argue that Legacy Village did not demonstrate that there were no remaining genuine issues of fact to be resolved because it did not

attach the lease to its motions for summary judgment and the Guaranty applied only to a "certain" lease. In its motions for summary judgment, Legacy Village provided affidavits that the lease was breached and that damages accrued because of the breach. Appellants did not contest the facts alleged in the affidavits, they only contested the validity and enforceability of the Guaranty. The affidavits in support of the summary judgment motions were executed by its representative and general counsel who had knowledge of the lease, the breach, and the Guaranty. It further provided a statement of the account and amounts due. The unchallenged facts contained in the affidavits were sufficient evidence for the trial court to grant the motions for summary judgment. For these reasons, appellants' sole assignment of error is overruled.

III. CONCLUSION

{¶ 19} The Guaranty executed by appellants provided that it would remain in effect notwithstanding amendments to the lease and regardless of whether Legacy Village sought to collect rent from the Restaurant, from appellants, or from both. As such, Legacy Village did not waive any rights under the Guaranty by amending the lease with the Restaurant to collect back rent due. Further, the evidence provided in support of the motions for summary judgment was sufficient to establish that no genuine issues of material fact remained and summary judgment was properly granted.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR