DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas that found in favor of appellee, Robert Oberly ("Oberly"), individually. The trial court granted judgment in favor of appellant, Sherwin Williams Co. ("Sherwin Williams), awarding $14,603.48, plus interest and costs, as to appellee Chem-Fab, Inc. ("Chem-Fab"). For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} Appellant Sherwin Williams Co. sets forth a single assignment of error:
 {¶ 3} "I. The trial court's ruling that the individual defendant-appellee Robert H. Oberly [sic] is not liable on a personal guaranty signed by him is contrary to law under the factual circumstances of this case."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. On April 24, 1997, Chem-Fab, a wire products manufacturer, submitted a commercial credit application to Sherwin Williams, a supplier of paint and paint products. Oberly, sole owner of Chem-Fab, signed the application. In 1998, Chem-Fab ceased operations and was unable to repay appellant. The parties now dispute the capacity in which Oberly executed the document. Oberly contends he signed it on behalf of Chem-Fab, whereas appellant contends that Oberly signed it as a personal guarantor for the amount charged on the account.
 {¶ 5} Sherwin Williams filed suit in the Lucas County Court of Common Pleas against Chem-Fab, Inc. and against Oberly individually seeking $14,463.48 on the unpaid account. Sherwin Williams also sought attorney fees, statutory interest, and court costs.
 {¶ 6} On September 30, 1998, Sherwin Williams filed a motion for summary judgment. On April 20, 1999, summary judgment was granted in favor of Sherwin Williams against Chem-Fab, but was denied regarding Oberly individually. The record indicates that on December 29, 1999, this case was set for a bench trial on February 3, 2000. The next entry in the record is a judgment entry of dismissal without prejudice filed on October 21, 2005. There is no record of further activity in this case until November 7, 2005, when Sherwin Williams filed a motion to reinstate. On November 8, 2005, the trial court vacated its previous order dismissing the case and found in favor of Oberly as to the personal guaranty. Further, the court awarded appellant attorney fees of $2,821.00 as against Chem-Fab, Inc.
 {¶ 7} In its single assignment of error, appellant contends the trial court erred in ruling that Oberly was not individually liable. Appellant maintains Oberly executed an enforceable personal guaranty rendering him liable.
 {¶ 8} The trial court found that the language used in the credit application did not unambiguously contain a personal guaranty. The court noted that the application lacked a title such as "personal guaranty" anywhere in the contract and did not contain a separate signature line for a personal guarantor.
 {¶ 9} Our standard of review on manifest weight of the evidence in a civil case is whether the record contains some competent, credible evidence to support the trial court's decision. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, at the syllabus. Under a manifest weight of the evidence test, there is a presumption that the findings of the trial court are valid. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. Accordingly, we cannot substitute our judgment for that of the trial court. Id.
 {¶ 10} The goal of contract construction is to effectuate the intent of the parties. State ex rel. Petro v. R.J. ReynoldsTobacco Co., 152 Ohio App.3d 345, 2003-Ohio-1654, ¶ 37. While no mandatory specific words are required to form a contract of guaranty, O.Jur. 3d, Guaranty and Suretyship, § 25, the words selected must unequivocally create a guaranty. A contract is ambiguous if it is equally capable of two or more plausible meanings. Petro, at ¶ 37.
 {¶ 11} This court has addressed this issue before, in S-S-CCompany v. Hobby Center, Inc. (Dec, 4, 1992), 6th Dist. No. L-92-049. In Hobby Center, the appellant signed a contract which contained the words "guarantor" and "guarantee" numerous times throughout the agreement. The contract identified the guarantor as the appellant, and the signature line identified the signer of the agreement as "guarantor." Id. at 3. This court held that the contract clearly established a personal guaranty of performance by the signer.
 {¶ 12} In contrast to Hobby Center, in this case there is no reference in the document to Oberly individually as a guarantor. The contract lacks clear indicia that it contains a personal guaranty. The record contains credible evidence in support of the trial court's finding. Appellant's sole assignment of error is not well-taken.
 {¶ 13} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of this record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Singer, P.J. Parish, J. concur.