[Cite as *Brogan v. Coughlin Servs., Inc.*, 2014-Ohio-469.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sean Brogan et al., | : | |
| Plaintiffs-Appellants, | : | No. 12AP-810 |
| | | (C.P.C. No. 09CVH-08-13194) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Coughlin Services, Inc. et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on February 11, 2014

*Mularski, Bonham, Dittmer & Phillips, LLC*, and *Mark E. Phillips*, for appellants.

*Ball & Tanoury*, and *John L. Tanoury*, for appellee Albert Coughlin, Jr.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by plaintiffs-appellants, Sean Brogan and Barbara Brogan, from a judgment of the Franklin County Court of Common Pleas finding defendants-appellees, Albert Coughlin, Jr., and Melody L. Coughlin, not personally liable in appellants' action for unpaid rent and breach of guaranties.

{¶ 2} The following facts are taken primarily from a stipulation of facts entered into by the parties before the trial court. On July 27, 1988, SES Realty Co. ("SES"), as landlord, entered into an agreement with Coughlin Services, Inc. ("Coughlin Services"), as tenant, whereby SES agreed to lease property located at 1457 Schrock Road, Columbus, to Coughlin Services for a three-year term. The lease agreement contained a provision

granting the tenant an option to renew the lease for four consecutive periods of three years each.

{¶ 3}   Section 20.21 of the lease agreement contained a guaranty provision, providing, in part, that appellees, Albert Coughlin, Jr., and Melody L. Coughlin (collectively "appellees"), shall "guarantee the performance by Tenant, its personal representatives, successors and assigns, of all covenants and conditions of the Lease Agreement to be performed by Tenant."  On the same date the lease agreement was signed, appellees executed a "guaranty of lease" agreement (hereafter "guaranty").  The guaranty was a "continuing guaranty," not to be affected "by reason of any extension of time that may be granted by the Landlord to the Tenant."

{¶ 4}   The tenant exercised renewal options for terms one, two, and three, remaining in possession for those periods and timely paying its rent obligation.  On July 12, 2000, SES and Coughlin Services entered into an "agreement to amend lease" (hereafter "the 2000 lease amendment"), whereby the tenant exercised the option for the fourth term, and the parties amended the fourth term to be a ten-year term "effective September 1, 2000."  Paragraph three of the 2000 lease amendment set forth rental payment obligations, while paragraph four provided that all other terms and conditions of the original lease agreement would remain in full force and effect.

{¶ 5}   In 2002, Coughlin Services sold its business to 1457 Schrock Road., Inc. (hereafter "1457 Schrock Rd."), assigning the remaining terms of its lease to 1457 Schrock Rd. as "Tenant."  (Stipulation of Facts, ¶ 12.) The landlord signed a form, designated as "Summary of Tenancy Rights," consenting to the assignment in order for Coughlin Services to transfer a liquor license to 1457 Schrock Rd.

{¶ 6}   On April 14, 2008, SES, as lessor, 1457 Schrock Rd., as assignee, and Abdel Sayed ("Sayed"), individually as guarantor, entered into an "assignment and addendum of lease" agreement (hereafter "the 2008 assignment").  The parties to the 2008 assignment acknowledged that the current lease term was set to expire September 1, 2010, and they agreed to extend the lease for an additional ten-year period.

{¶ 7}   On May 14, 2008, Sayed, as president of 1457 Schrock Rd., assigned the lease to 1457 Cruise Thru Drive Thru, Inc. (hereafter "Cruise Drive Thru") and Saleh Nofal ("Nofal"), individually.  The parties' stipulation of facts provided that neither Cruise Drive

Thru nor Nofal were assignees of Coughlin Services. On May 29, 2008, appellants, Sean Brogan and Barbara Brogan (collectively "appellants"), became the successors in interest to SES when they purchased the real property, together with the leasehold interests.

{¶ 8} Beginning in March 2009, and continuing until the premises could be re-leased on June 1, 2010, Cruise Drive Thru and Nofal defaulted on the payment of rent, taxes, and insurance. On August 31, 2009, appellants filed a complaint against Coughlin Services, 1457 Schrock Rd., Sayed, Cruise Drive Thru, Nofal, and appellees. The trial court subsequently granted (1) default judgment in favor of appellants and against Nofal (and Cruise Drive Thru), and (2) summary judgment in favor of appellants and against Sayed (and 1457 Schrock Rd.).

{¶ 9} The remaining parties (appellants and appellees) submitted trial briefs on the issue as to when the personal liability of appellee Albert Coughlin, Jr. (individually "appellee Coughlin"), as guarantor, terminated. In their pre-trial brief, appellants argued that the personal guaranty of appellee Coughlin remained in full force and effect until the termination of the term of the lease which, by virtue of the 2000 lease amendment, was September 1, 2010. Appellees, on the other hand, argued they had only promised to guarantee the lease obligations of Coughlin Services, as tenant, and the tenant's heirs, personal representatives, successors or assignees, and that neither Cruise Drive Thru nor Nofal were assignees of the tenant (Coughlin Services). By decision and entry filed August 20, 2012, the trial court denied appellants' claim for judgment against appellee Coughlin.

{¶ 10} On appeal, appellants set forth the following assignment of error for this court's review:

> The trial court committed error as a matter of law in finding Defendant/Appellees Albert L. Coughlin, Jr. and Melody L. Coughlin were not personally liable for the rent default of 1457 Schrock Rd., Inc. and Cruise Thru Drive Thru, Inc.

{¶ 11} Under their single assignment of error, appellants contend the trial court erred in finding appellees were not personally liable for the rent default of Cruise Drive Thru and Nofal. Appellants argue the trial court failed to recognize the plain meaning of the terms "successors" and "assigns" under the guaranty, arguing that the guarantor was required to stand behind the payments due from any subsequent lessees as long as the

original lease remained in effect. Appellants, noting that Coughlin Services agreed in 2000 to an amendment of the original lease (extending the term of the lease to September 1, 2010), and that Coughlin Services assigned its interest in the lease to 1457 Schrock Rd. in 2002, argue that both Coughlin Services, as tenant, and appellees, as guarantors, remained in privity of contract with the original lessor at the time of that assignment. Appellants further argue that, following the 2008 assignment by 1457 Schrock Rd. of its interest in the lease to Cruise Drive Thru, both Coughlin Services and appellees continued to be in privity of contract with the original lessor and, therefore, remained obligated for the rental payments until the 2010 lease term expired.

{¶ 12} A trial court's "construction of a written contract is a question of law, which we review de novo." *In re All Kelley & Ferraro Asbestos Cases*, 104 Ohio St.3d 605, 2004-Ohio-7104, ¶ 28. Further, "[i]n construing the terms of a written contract, the primary objective is to give effect to the intent of the parties, which we presume rests in the language that they have chosen to employ." *Id.* at ¶ 29, citing *Saunders v. Mortensen*, 101 Ohio St.3d 86, 2004-Ohio-24, ¶ 9. Under Ohio law, "[a] guaranty is a contract through which one party guarantees payment for debts incurred by another person or entity." *Thayer v. Diver*, 6th Dist. No. L-07-1415, 2009-Ohio-2053, ¶ 77, citing *Nesco Sales & Rental v. Superior Elec. Co.*, 10th Dist. No. 06AP-435, 2007-Ohio-844, ¶ 10. In general, Ohio courts "construe guaranties, and releases thereof, 'in the same manner as they interpret other contracts.' " *Id.*, quoting *Nesco Sales* at ¶ 12, citing *G.F. Business Equip., Inc. v. Liston*, 7 Ohio App.3d 223, 224 (10th Dist.1982).

{¶ 13} At issue on appeal is whether the trial court erred in its construction and application of the guaranty to the facts of this case in finding appellees not personally liable to appellants following the default in 2009 and 2010 by Cruise Drive Thru and Nofal. The guaranty, executed by appellees in July 1988, states in part:

> The Guarantors, in consideration of the letting by Landlord of the Premises located at 1457 Schrock Road, Columbus, Ohio, under a certain Lease Agreement dated July 27, 1988, do hereby covenant with the Landlord, its successors and assigns, that if default shall at any time be made by the Tenant, its personal representatives, heirs, successors or assigns in the payment of rent or in the performance of any other covenants contained in such Lease Agreement, the Guarantor will pay to the Landlord, its successors or assigns, the rent or any

> arrearage thereof, and all damages that may arise in consequence of any default by the Tenant, its personal representatives, heirs, successors or assigns under such Lease.

{¶ 14} The trial court, in considering the terms of the guaranty, found the language to be "clear and unambiguous," and that "Coughlin's obligation to [appellants] for delinquent rent is only triggered by his default as the tenant under the original Lease or the default of Coughlin's heirs, personal representatives, successors or assigns." The court noted that appellee Coughlin "would be personally liable for any default in rental payments" by 1457 Schrock Rd. as a result of Coughlin Services' assignment of the lease to 1457 Schrock Rd. in 2002; the court further noted, however, that appellee Coughlin "did not enter into an agreement or assignment with Cruise [Drive] Thru," and the court determined that appellees were not liable under the guaranty for the default of Cruise Drive Thru, as that entity was not an assign of the tenant (Coughlin Services).

{¶ 15} In arguing that appellees are liable for the default by Cruise Drive Thru, appellants rely upon this court's decision in *Morse & Hamilton Ltd. Partnership v. Gourmet Bagel Co.*, 10th Dist. No. 99AP-1253 (Sept. 29, 2000). *Gourmet Bagel* sets forth the rule that, although a lessee's assignment of its interest in a premise to an assignee "divests the lessee of any interest in the property and transfers it to the assignee," the lessee "is still in privity of contract with the original lessor" and the assignment "does not relieve the lessee of its express obligation to pay rent." *Id.*

{¶ 16} While *Gourmet Bagel* addresses the relationship between a lessor and lessee following an assignment under a lease agreement, that case does not deal with a guarantor relationship such as the present. To the extent appellants rely upon the concept of privity of contract (i.e. "[t]he relationship between the parties to a contract"),[1] Ohio law provides that a guarantor "is bound only by the precise words of his contract." *LaSalle Bank Natl. Assn. v. Belle Meadows Suites LP,* 2d Dist. No. 23766, 2010-Ohio-3773, ¶ 22. *See also Whichard v. Matthews*, 8th Dist. No. 98689, 2013-Ohio-1892, ¶ 41 ("It is well established in Ohio law that a guarantor is only bound by the precise words of his contract.").

---

[1] Black's Law Dictionary 1320 (9th Ed.2009).

{¶ 17} Pursuant to the stipulations and terms of the guaranty in the instant case, defining SES as "Landlord," Coughlin Services as "Tenant," and appellees as "Guarantors," the guarantors were liable for rent payments to the landlord as a consequence of any default by "the Tenant, its personal representatives, heirs, successors or assigns."[2]  According to the stipulations, Cruise Drive Thru and Nofal defaulted on the payment of rent "beginning in March 2009 and continuing until the premises could be re[-]leased on June 1, 2010."  (Stipulation of Facts, ¶ 15.)  It was further stipulated that "[n]either 1457 Cruise Thru Drive Thru Inc. nor Saleh Nofal were assignees of Coughlin Services Inc."  (Stipulation of Facts, ¶ 17.)  In addition to the stipulation that neither Cruise Drive Thru nor Nofal were assigns of the tenant (Coughlin Services), it was further stipulated that Cruise Drive Thru did not have any contractual dealings with Coughlin Services or appellees.  Upon consideration of the relevant terms of the guaranty, as well as the stipulated facts of this case, we agree with the trial court that appellees were guarantors of any rent obligations not paid by the tenant and its assigns (including 1457 Schrock Rd.), but that neither Cruise Drive Thru nor Nofal were "assigns" of Coughlin Services.  Accordingly, the trial court did not err in failing to find appellees liable for the default by an assignee.

{¶ 18} The remaining issue is whether the trial court erred in failing to impose liability on appellees based upon appellants' contention that Cruise Drive Thru and Nofal were "successors" of the tenant (Coughlin Services) under the guaranty terms.  In general, a "successor" is defined as "[a] corporation that, through amalgamation, consolidation, or other assumption of interests, is vested with the rights and duties of an earlier corporation."  Black's Law Dictionary 1569 (9th Ed.2009).  Thus, for example, the word "successor," as applicable to a corporation, has " 'been held to refer to the members of the corporation [and] might well apply to a reorganized company [or] a corporation organized by purchasers at a mortgage foreclosure sale.' " *Jo-Vi Corp. v. Hotel & Restaurant Emps.,* 6th Dist. No. L-76-282 (Feb. 25, 1977), quoting 15 Fletcher Cyc. Corp. (Perm.Ed.) Section 7203.  In the instant case, according to the parties' stipulations, Cruise Drive Thru "purchased the assets of 1457 Schrock Rd. Inc. from 1457 Schrock Rd. Inc. and

---

[2] The parties do not dispute that the terms "personal representatives" or "heirs" are not at issue under the facts of this case.

had no contractual dealings with Coughlin Services Inc. or Al Coughlin." (Stipulation of Facts, ¶ 18.) Based upon the record presented, we conclude that the defaulting parties, Cruise Drive Thru and Nofal, were not "successors" to the tenant (Coughlin Services) and, thus, the trial court did not err in failing to impose liability on appellees for the default by a successor under the terms of the guaranty.

{¶ 19} In light of the foregoing, the trial court did not err in denying appellants' request to grant judgment against appellees. Appellants' single assignment of error is without merit and is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

TYACK and DORRIAN, JJ., concur.

_____