[Cite as *Kauffman Family Trust v. Keehan*, 2013-Ohio-2707.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99423

---

# KAUFFMAN FAMILY TRUST

PLAINTIFF-APPELLEE

vs.

# DONALD JAMES KEEHAN, ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-779110

**BEFORE:** E.T. Gallagher, J., Rocco, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** June 27, 2013

**ATTORNEY FOR APPELLANTS**

Stephen P. Hanudel
326 North Court Street
Medina, Ohio   44256


**ATTORNEY FOR APPELLEE**

Patrick C. Mackin
33463 Lake Road
P.O. Box 77
Avon Lake, Ohio   44012-0077

EILEEN T. GALLAGHER, J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendants-appellants Donald James Keehan, Robert Kelly, Patrick Kelly, Nicholas Rossi, and Randall Rossi (collectively referred to as "appellants"), appeal the trial court's decision granting summary judgment in favor of appellee Kauffman Family Trust ("Kauffman"). We find no merit to the appeal and affirm.

{¶3} In July 2008, Kauffman loaned $150,000 plus interest at a rate of 15 percent per annum to BCR Development Group, L.L.C. ("BCR"). The promissory note contained a warrant of attorney, authorizing a confession of judgment against BCR in the event of default. The loan agreement provided, in part: "The loan shall be guaranteed individually by Nicholas Rossi, Randy Rossi, Bob Kelly, Patrick Kelly and Donald James Keehan, Jr.." Each of the appellants signed the loan agreement as a guarantor in his individual capacity.

{¶4} Following default on the loan, Kauffman obtained a cognovit judgment against BCR, which remains unpaid because BCR has no assets. Kauffman subsequently filed the instant action against appellants, to recover the amount of the loan plus accrued interest. The trial court granted summary judgment in favor of Kauffman and entered judgment against appellants, jointly and severally, in the amount of $150,000 plus

accrued interest in the amount of $95,625, plus statutory interest from the date of judgment. This appeal followed.

**{¶5}** In their sole assignment of error, appellants argue the trial court erred in granting summary judgment to Kauffman. Appellants contend they did not promise to guarantee the loan and they assert their promises are unenforceable because Kauffman did not provide any consideration in exchange for appellants' guarantees.

**{¶6}** We review an appeal from summary judgment under a de novo standard. *Grafton v. Ohio Edison Co*., 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Civ.R. 56(C) provides that summary judgment is appropriate when, after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201; *Temple v. Wean United, Inc*., 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

**{¶7}** Appellants argue that "despite what the loan agreement states and the signatures on the loan agreement," Kauffman provided no consideration that would bind appellants as personal guarantors. In support of their argument, appellants rely on *Cheap Escape Co. v. Crystal Windows & Doors Corp*., 8th Dist No. 93739, 2010-Ohio-5002. However, *Cheap Escape* does not support appellant's position. In *Cheap Escape*, the guarantor of a loan argued the parties' contract was unconscionable and therefore unenforceable. This court affirmed the trial court's judgment enforcing the guaranty and found that the clause was not substantively unconscionable. *Cheap Escape*

at ¶ 19. In the instant case, appellants are not arguing that the terms of the loan agreement are unconscionable. They argue that the guaranty provision is unenforceable for lack of consideration.

{¶8} A guaranty is a promise by one person to pay the debts of another. *Valspar Corp. v. Nguyen*, 5th Dist. No. 11 CAE 12 0116, 2012-Ohio-2710, ¶ 15. Courts generally construe guaranties in the same manner as contracts. *G.F. Business Equip., Inc. v. Liston*, 7 Ohio App.3d 223, 224, 454 N.E.2d 1358 (8th Dist.1982). The elements of a contract include an offer, an acceptance, contractual capacity, consideration (the bargained-for legal benefit or detriment), a manifestation of mutual assent, and legality of object and of consideration. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58,¶ 16. Thus, to be enforceable, consideration must be provided for the guaranty.

{¶9} This court has held that the consideration supporting the underlying agreement is generally sufficient to bind the guarantor. *McInnis v. Spin Cycle-Euclid, L.L.C.*, 8th Dist. No. 91905, 2009-Ohio-2370, ¶ 16. "'The consideration running from the creditor to the debtor is deemed sufficient to support the surety's promise to make the debt good.'" *Solon Family Physicians, Inc. v. Buckles,* 96 Ohio App.3d 460, 464, 645 N.E.2d 150 (8th Dist.1994), quoting *United States v. Tilleraas*, 709 F.2d 1088, 1091 (6th Cir. 1983). In *McInnis*, this court explained that, although the guarantor receives no direct pecuniary benefit for his undertaking, there is consideration to bind the guarantor because by extending credit to the principal, the principal is able to obtain the loan and

the guarantor receives benefit from the loan to the principal. *McGinnis* at ¶ 16, quoting *Neininger v. State*, 50 Ohio St. 394, 400-401, 34 N.E. 633 (1893). Therefore, appellant's act of guaranteeing the loan for BCR is supported by consideration.

{¶10} Appellants also contend that the loan agreement is ambiguous because there is no provision in the agreement that the loan would not have been given unless they guaranteed the loan. They further argue that because the contract is ambiguous, the trial court should have considered parol evidence to properly determine the parties' intent.

{¶11} When construing a contract, a court's primary objective is to ascertain and give effect to the intent of the parties. *Hamilton Ins. Servs., Inc. v. Nationwide Ins. Cos.,* 86 Ohio St.3d 270, 273, 1999-Ohio-162, 714 N.E.2d 898. To achieve this objective, we must examine the contract as a whole and presume that the language used reflects the parties' intent. *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 509 N.E.2d 411 (1987), paragraph one of the syllabus. Thus, when the contract is clear and unambiguous, the court may look no further than the four corners of the contract to find the intent of the parties. *Alexander v. Buckeye Pipeline Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978), paragraph two of the syllabus.

{¶12} However, if a contract is reasonably susceptible to more than one meaning, then it is ambiguous and the court may consider parol evidence to determine the parties' intent. *Illinois Controls, Inc. v. Langham*, 70 Ohio St.3d 512, 1994-Ohio-99, 639 N.E.2d 771. If the terms of the contract are clear and unambiguous, the interpretation of the

language is a question of law, which we review de novo. *State ex rel. Parsons v. Fleming,* 68 Ohio St.3d 509, 511, 1994-Ohio-172, 628 N.E.2d 1377.

**{¶13}** Appellants argue that even though the contract indicates that they each signed the loan agreement as individual guarantors, they never intended to personally guarantee the loan. However, "the un-communicated subjective intentions of one party have no significance in determining the meaning of disputed terms." *G.F. Business Equip.*, 7 Ohio App. 3d at 225, 454 N.E.2d 1358 (8th Dist.1982). The loan agreement plainly states: "The loan shall be guaranteed individually by Nicholas Rossi, Randy Rossi, Bob Kelly, Patrick Kelly and Donald James Keehan, Jr." In accordance with this provision, each of the appellants individually signed the loan agreement as guarantors. We find no ambiguity in this contract. According to the plain language of the loan agreement, we find that appellants agreed to personally guarantee the loan Kauffman made to BCR.

**{¶14}** Therefore, the sole assignment of error is overruled.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
PATRICIA A. BLACKMON, J., CONCUR