[Cite as *Sal's Heating & Cooling, Inc. v. Harbour View Assocs., Ltd.*, 2023-Ohio-3632.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SAL'S HEATING AND COOLING, INC.,   :

     Plaintiff-Appellant,   :

                                 No.112490

     v.   :

HARBOUR VIEW ASSOCIATES, LTD.,   :

     Defendant-Appellee.   :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 5, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-955574

---

### *Appearances:*

Dan Morell & Associates, LLC, Dan A. Morell, Jr., and
John J. Schneider, *for appellant*.

Howard J. Krantz, *for appellee*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, Sal's Heating and Cooling, Inc. ("Sal's"), appeals an order awarding it a money judgment plus interest at the statutory rate instead of the alleged contract rate and denying Sal's claim for costs and attorney fees. Sal's claims the following errors:

1. The trial court erroneously applied *Minster Farmers Coop. Exch. Co. v. Meyer*, 117 Ohio St.3d 459, 2008-Ohio-1259, 884 N.E.2d 1056, ¶ 25 to the matter at hand when the present dispute does not involve unsigned invoices but rather contracts signed by the party to be charged.

2. The trial court correctly held that the customer acknowledgment was not a separate contract but erroneously held that the customer acknowledgment was not supported by consideration disregarding the consideration that supported the whole contract and further acceptance of extended financing.

3. The trial court disregarded the previous Eighth district decision in *Paul Davis Restoration of Cleveland Metro West v. Karaman*, 8th Dist. Cuyahoga No. 84824, 2005-Ohio-4017, that held a work authorization and an emergency authorization signed separately but during the same service call and part of one contract that authorized attorney fees was an enforceable contract, and thus the trial court's failure to award Sal's attorney fees, 18% interest, and costs was clear error.

{¶ 2} We affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} Sal's, an Ohio corporation located in North Royalton, Ohio, provides heating and cooling installations and plumbing repair services. Defendant-appellee, Harbour View Associates, Ltd. ("Harbour View"), owns and operates a 131-unit apartment complex in Lakewood, Ohio. The two parties had an ongoing business relationship whereby Sal's periodically performed repairs at the apartment complex when such repairs were needed.

{¶ 4} In November 2021, Sal's filed a complaint against Harbour View, claiming that Harbour View failed to pay for services rendered in October 2020. The complaint stated three claims for relief arising from service calls completed on

October 10, 2020, and October 18, 2020. Sal's attached copies of invoices for each of the three service calls ("the invoices"), marked as exhibits one through three. Two invoices indicated that Sal's charged Harbour View $1,227.96 on October 10, 2020, and another $1,227.96 October 18, 2020. The third invoice represented a charge of $743.04, for a total unpaid balance of $3,198.96.

{¶ 5} With respect to its claim for contractual interest, Sal's alleged that "[p]ursuant to Invoices and Agreement signed by Defendant, Plaintiff is entitled to contractual interest in the amount of 1.5% per month (18% per annum) from thirty (30) days after said debt became due and owing, plus all costs and its reasonable attorney fees." (Complaint ¶ 8, 14, 20.) Each of the invoices contained a "customer acknowledgment," that provided, in relevant part:

> Acceptance of Proposal — The above prices, specifications and conditions are satisfactory and are hereby accepted. Sal's Heating & Cooling, Inc. is authorized to do the work specified. * * *
>
> My signature above constitutes acceptance of the referenced work as being satisfactory and that all equipment has been left in good condition. A finance charge of 1.5% per month (18% per annum) will be charged on all accounts 30 days past due. A $40.00 fee will be charged for all returned checks. * * * Customer agrees to be responsible for all costs and reasonable attorney fees if suit is filed to collect upon any balance owed under this invoice and agreement, including but not limited to payment of any lien fees associated with the filing and removal of said lien to be paid prior to removal.

Thus, in its prayer for relief, Sal's requested a total of $3,880.26, which included its claim for contractual interest, plus costs and attorney fees.

{¶ 6} Harbour View denied the allegations in the complaint, and the case proceeded to a bench trial after which the trial court issued findings of fact and

conclusions of law. Sal's did not file a trial transcript, but Harbour View does not dispute the fact that Sal's performed the work described in the invoices attached to the complaint or that the charges for the three service calls totaled $3,198.96. The controversy lies in the trial court's finding that Sal's is not entitled to interest at a contractual interest rate of 1.5% per month (18% per annum) nor is it entitled to the costs and attorney fees incurred in the prosecution of its claims. Sal's now appeals the trial court's judgment denying its request for contractual interest, costs, and attorney fees.

## II. Law and Analysis

### A. Standard of Review

{¶ 7} An appellate court generally reviews a trial court's judgment following a bench trial under a manifest weight standard of review. *Huntington Natl. Bank v. Slodov*, 8th Dist. Cuyahoga No. 110113, 2021-Ohio-2932, ¶ 47. However, as previously stated, Sal's did not file a trial transcript, but the facts are not in dispute. The issues in this case involve the interpretation of statutes and written contracts, which are questions of law subject to de novo review. *Loury v. Westside Automotive Group*, 8th Dist. Cuyahoga No. 111319, 2022-Ohio-3673, ¶ 19, citing *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175, ¶ 9 (statutory interpretation is a matter of law reviewed de novo); *Hyde Park Circle L.L.C. v. Cincinnati*, 2016-Ohio-3130, 66 N.E.3d 99, ¶ 15 (1st Dist.) (the interpretation of contracts is reviewed de novo).

## B. Invoices

{¶ 8} In the first assignment of error, Sal's argues the trial court misapplied *Minster Farmers Coop. Exch. Co. v. Meyer*, 117 Ohio St.3d 459, 2008-Ohio-1259, 884 N.E.2d 1056, ¶ 25, to the facts of this case when it found that the invoices did not constitute a written contract. In the second assignment of error, Sal's argues the trial court erred in finding that the customer acknowledgment was not a binding contract due to a lack of consideration. We discuss these assigned errors together because they are interrelated.

{¶ 9} In *Minster Farmers*, two debtors had running accounts with Minster Farms for the purchase of farm supplies. The debtors each received invoices for their purchases, but neither debtor signed any of the invoices. Minster Farms assessed a finance charge on both accounts since their inception, but it later increased the finance charges unilaterally. After each debtor had accumulated substantial outstanding balances, Minster Farmers sued them to recover on their accounts, including the increased interest charges. In the two consolidated cases, the debtors challenged the enforceability of the interest charges on the invoices, and the Ohio Supreme Court held that notations on invoices and account statements that unilaterally set forth an interest did not constitute a "written contract" for purposes of R.C. 1343.03(A). *Id.* at ¶ 1.

{¶ 10} R.C. 1343.03 governs interest on accounts and other written instruments when the interest rate is not stipulated and states, in relevant part:

In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, *unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.*

(Emphasis added.) R.C. 1343.03(A). Thus, to be entitled to an interest rate different from the statutory rate of interest, R.C. 1343.03(A) requires a written contract setting forth an agreed-upon interest rate that applies when the balance owed becomes due and payable. *Capital One Bank, N.A. v. Heidebrink*, 6th Dist. Ottawa No. OT-08-049, 2009-Ohio-2931, ¶ 37, citing *Yager Materials v. Marietta Indus. Ents.*, 116 Ohio App.3d 233, 235-236, 687 N.E.2d 505 (4th Dist.1996); *Hobart Bros. Co. v. Welding Supply Serv., Inc.*, 21 Ohio App.3d 142, 144, 486 N.E.2d 1229 (10th Dist.1985); *United Collections, L.L.C. v. Tucholski*, 6th Dist. Lucas No. L-04-1314, 2005-Ohio-2495, ¶ 7.

{¶ 11} In *Minster Farmers*, the court reiterated longstanding Ohio law holding that "in order for a written contract to exist for purposes of R.C. 1343.03(A), there must be a writing to which both parties have assented." *Id.* at ¶ 27. The court also held that "[a]n invoice or monthly statement does not constitute such a writing." *Id.* Therefore, "invoices setting forth an interest rate 'd[o] not meet the written-contract requirement of [R.C.] 1343.03(A).'" *Id.*, quoting *Scotts Co. v. Cent. Garden & Pet Co.*, 403 F.3d 781, 791 (6th Cir.2005).

{¶ 12} To be enforceable, a contract must consist of an offer, an acceptance, and consideration. *Starlion Electronics Distrib., L.L.C. v. Zoran Med., L.L.C.*, 8th Dist. Cuyahoga No. 112133, 2023-Ohio-2876, ¶ 21, citing *Kauffman Family Trust v. Keehan*, 8th Dist. Cuyahoga No. 99423, 2013-Ohio-2707, ¶ 8. Consideration is the promise of one party to do something he or she is not obligated to do in exchange for another party's promise to do something in exchange. *Id.*, citing *Raasch v. NCR Corp.*, 254 F.Supp.2d 847 (S.D.Ohio 2003); *Mooney v. Green*, 4 Ohio App.3d 175, 446 N.E.2d 1135 (12th Dist.1982) (consideration may be either a detriment to the promisee or a benefit to the promisor). To constitute consideration, the benefit or detriment must be "bargained for." *Carlisle v. T & R Excavating, Inc.*, 123 Ohio App.3d 277, 283, 704 N.E.2d 39 (9th Dist.1997).

{¶ 13} A representative from Harbour View signed the invoices. Although Sal's did not file a trial transcript, and there is no testimony in the record indicating when the Harbour View representative signed the invoices with the attendant "customer acknowledgements," the trial court found the representative signed them after services had already been rendered. (Findings of Fact and Conclusions of Law ¶ 11, 16.) In the absence of a transcript, we must presume regularity in the trial court proceedings and accept the trial court's factual findings as true. *Burke v. Mayfield Brainard Auto Servs., LLC*, 8th Dist. Cuyahoga No. 2023-Ohio-446, ¶ 19, citing *In re G.J.A.*, 8th Dist. Cuyahoga Nos. 107220 and 107575, 2019-Ohio-1768, ¶ 20, citing *Miranda v. Saratoga Diagnostics*, 2012-Ohio-2633, 972 N.E.2d 145, ¶ 26 (8th Dist.); *Bailey v. Bailey*, 8th Dist. Cuyahoga No. 98173, 2012-Ohio-5073, ¶ 8.

{¶ 14} Accepting the trial court's findings as true, we must conclude that the Harbour View representative signed the invoices after the services were complete. Although there was an agreement between the parties authorizing Sal's to perform the services before the work was performed, the provisions in the "customer acknowledgment" assessing contractual interest, costs, and attorney fees were executed after the services were already rendered. Thus, the trial court properly found that these new terms were not "bargained for" and that there was no consideration to bind Harbour View to the new provisions, which were presented unilaterally after the services were complete. Therefore, the trial court's conclusion is consistent with the Ohio Supreme Court's decision in *Minster Farmers*.

{¶ 15} Accordingly, the first and second assignments of error are overruled.

### C. Unilateral Provisions

{¶ 16} In the third assignment of error, Sal's argues the trial court erred in disregarding this court's decision in *Paul Davis Restoration of Cleveland Metro W. v. Karaman*, 8th Dist. Cuyahoga No. 84824, 2005-Ohio-4017.

{¶ 17} In *Paul Davis*, this court sustained an award of attorney fees pursuant to provisions in a work authorization and emergency authorization to remediate damage caused by a flood in the defendants' home. However, the defendant-homeowners in that case signed the work authorization and the emergency authorization before any services were performed, and the attorney-fee provision was a bargained-for term of the parties' contract. The facts of *Paul Davis* are, therefore, distinguishable from the facts of the instant case where the customer,

Harbour View, signed the "customer acknowledgement" after the service contracts were already complete. While the attorney-fee provision was a negotiable term of the parties' contract in *Paul Davis*, the statutory-interest and attorney-fee provisions in the invoices in this case constituted unilateral modifications of the parties' service agreement. Therefore, the trial court properly disregarded *Paul Davis* as distinguishable and inapplicable.

{¶ 18} The third assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

ANITA LASTER MAYS, A.J., and
MICHAEL JOHN RYAN, J., CONCUR